UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-20500-CR-MIDDLEBROOKS/MCALILEY

UNITED STATES OF AMERICA,

      Plaintiff,

v.

LUNIE JEAN,

      Defendant.

_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

The Honorable Donald M. Middlebrooks referred this matter to me to conduct a change of plea hearing for Defendant Lunie Jean. (ECF No. 18). I held that hearing today, and for the following reasons recommend that the Court accept Defendant's plea of guilty.

1.    At the outset of the hearing, I told Defendant of her right to have these proceedings conducted by Judge Middlebrooks, the presiding District Court Judge. I also advised Defendant that Judge Middlebrooks would sentence Defendant, and make all findings and rulings concerning Defendant's sentence.

2.    Defendant was made aware that she did not have to permit this Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by Judge Middlebrooks. Defendant, Defendant's attorney and the Assistant United States Attorney all agreed on the record and consented to my conducting the change of plea hearing.

1

3.     I conducted the plea colloquy with Defendant in accordance with Federal Rule of Criminal Procedure 11.

4.     The parties did not enter into a written plea agreement. At the hearing, Defendant pled guilty to Counts 1 and 2 of the Indictment, which charges Defendant with misuse of a passport, in violation of Title 18, United States Code, Section 1544, and aggravated identity theft, in violation of Title 18 United States Code, Section 1028A(a)(1). (ECF No. 6).

5.     The parties agreed to a written factual proffer, and had that document with them at the hearing. This was later filed with the Court. Defendant said that she read that factual proffer and agreed to its accuracy; she also confirmed that she signed it and she explained in her own words how she committed the crimes. The Government identified all of the essential elements of the offenses to which Defendant pled guilty, including any sentencing enhancements and/or aggravating factors that may be applicable. I found that a factual basis exists for Defendant's plea of guilty. Defendant was also advised of the statutory maximum and mandatory minimum penalties. Defendant acknowledged that she understands these possible penalties, including a maximum term of ten (10) years imprisonment as to Count 1, and a mandatory minimum term of two (2) years imprisonment as to Count 2.

6.     Based upon the foregoing, and the statements and findings at the plea colloquy which I incorporate into this Report and Recommendation, I find that Defendant

was competent and capable of entering an informed plea, and that her guilty plea was knowing and voluntary and has factual support.

7.      The U.S. Probation Office will prepare a pre-sentence investigation report, and Defendant was advised that her **sentencing has been scheduled for February 15, 2022, at 10:30 a.m., before the Honorable Donald M. Middlebrooks, in Miami**.

Accordingly, I **RECOMMEND** that the Court accept Defendant's plea of guilty, adjudicate Defendant guilty of Counts 1 and 2 of the Indictment, and that a sentencing hearing be conducted for final disposition of this matter.

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Donald M. Middlebrooks, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b), 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** this 14th day of December 2021, at Miami, Florida.

CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable Donald M. Middlebrooks
      Counsel of record

3